UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PNC BANK, N.A., as successor-in-interest
by merger to RBC BANK (USA), as
successor-in-interest by merger to
CypressCoquina Bank,

                Plaintiff,

vs.                                               Case No.  3:13-cv-436-J-34PDB

AKSHAR PETROLEUM, INC., HEMANT
R. DESAI and PARESHA H. DESAI,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue (Doc. 8; Motion) filed on May 13, 2013. In the Motion, Defendants Akshar Petroleum, Inc. (Akshar), Hemant R. Desai, and Paresha H. Desai (the Desais) (collectively, Defendants) request that the Court dismiss the Verified Complaint (Doc. 1) pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure (Rule(s)). See Motion at 1. Plaintiff PNC Bank, N.A. (the Bank), as successor-in-interest by merger to RBC Bank (USA), as successor-in-interest by merger to CypressCoquina Bank, filed a response in opposition to the Motion on May 24, 2013. See Response in Opposition to Motion to Dismiss and Incorporated Memorandum of Law in Support (Doc. 10; Response). Accordingly, this matter is ripe for review.

**I.     Background**

On April 18, 2013, the Bank initiated this action by filing a four-count Verified Complaint (Doc. 1; Complaint) in the Orlando Division of the United States District Court for the Middle District of Florida.[1]  See Complaint at 1.  In the Complaint, the Bank asserts claims for damages against Akshar due to its alleged default on a real estate loan (Count I), as well as claims for damages against the Desais as guarantors of the loan (Count II).  In addition, the Bank seeks to foreclose on the property mortgaged as security for the loan (Count III), and the appointment of a receiver to take possession and control of the mortgaged property and its rents (Count IV).  See Complaint at 5-7.  In support of its claims, the Bank alleges that Akshar entered into a Loan Agreement with the Bank's predecessor-in-interest, CypressCoquina Bank, to finance the purchase of property located at 6707 North Main Street, Jacksonville, Florida (Mortgaged Property).  See Complaint, Ex. C: Loan Agreement.  The Loan Agreement contains the following provision:

> Venue and Waiver of Demand for Jury Trial: Borrower and Lender hereby consent and agree that, in any actions predicated upon this Agreement, venue is properly laid in Duval County, Florida, and that the Circuit Court for Duval County, Florida shall have full jurisdiction to determine all issues arising out of or in connection with the execution and enforcement of this Agreement.

Loan Agreement at 9.  The Mortgaged Property is physically located in Duval County, Florida.  As part of the loan transaction, the Desais executed a Guaranty Agreement to

---

[1] The judge initially assigned to this case reviewed the Complaint and observed that the property at issue in this lawsuit is located in Duval County, Florida.  Because Duval County is encompassed by the Jacksonville Division of this Court, see Local Rule 1.02(b)(1), United States District Court, Middle District of Florida (Local Rule(s)), the court sua sponte transferred this action to the Jacksonville Division pursuant to Local Rule 1.02(e).  See Order (Doc. 4), entered April 23, 2013.

induce CypressCoquina Bank to provide this loan to Akshar. See Complaint, Ex. E: Guaranty Agreement. The Guaranty Agreement provides in pertinent part that:

> This Guaranty Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and venue in any action arising under this Guaranty Agreement shall be in a court of competent jurisdiction in Volusia County, Florida.

Guaranty Agreement at 5. The Loan Agreement and the Guaranty Agreement list addresses in Ormond Beach, Florida for CypressCoquina Bank, Akshar, and the Desais. See Loan Agreement at 1; Guaranty Agreement at 2, 5. The Court notes that Ormond Beach, Florida is situated in Volusia County.

## II.    Summary of the Arguments

In the Motion, Defendants argue that this action should be dismissed for improper venue pursuant to Rule 12(b)(3). See Motion at 1. They contend that the Bank's claims are subject to valid and mandatory forum-selection clauses in both the Loan and the Guaranty Agreements which render this Court an improper forum for this lawsuit. See id. at 4. In its Response, the Bank asserts that venue here is proper under the Guaranty Agreement because the designation of Volusia County as the forum includes the federal court which encompasses Volusia County, even though the federal courthouse is not actually located within that County. See Response at 3. With respect to the Loan Agreement, the Bank contends that the forum-selection clause is permissive, rather than mandatory, because it does not use the terms "sole" or "exclusive," or otherwise indicate that the action "must" be brought in that court. Id. at 3-4. Additionally, the Bank appears to maintain that the Motion should be denied because, if the Court finds the clauses to be mandatory and dismisses this

case, the Bank will be forced to pursue its claims in two different courts, which would constitute a "complete disregard for judicial economy." Id. at 3.

### III.     Procedural Posture

At the time Defendants filed the instant Motion, the law in the Eleventh Circuit provided that "a motion pursuant to Rule 12(b)(3) is the proper vehicle to request dismissal of a complaint on the basis of a contractual choice of forum."  See Slater v. Energy Servs. Grp. Int'l, Inc., 634 F.3d 1326, 1333 (11th Cir. 2011); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998); see also LFR Collections LLC v. Taylor, No. 8:11-cv-1117-T-24EAJ, 2011 WL 4736360, at *2 (M.D. Fla. Oct. 7, 2011).  However, on December 3, 2013, while this Motion was pending, the United States Supreme Court rejected this approach in Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568 (2013).  In Atlantic Marine, the Supreme Court held that Rule 12(b)(3) authorizes dismissal only when venue is "wrong" or "improper" under the requirements of federal venue laws, specifically 28 U.S.C. § 1391. Id. at 577.  The Court explained that "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." Id. As such, regardless of whether a forum-selection clause applies, "a case filed in a district that falls within § 1391 may not be dismissed under [28 U.S.C. § 1406(a)] or Rule 12(b)(3)." Id. Instead, the Supreme Court instructed that, to enforce a forum-selection clause, a party should file either a motion to transfer under § 1404(a), if the clause points to another federal forum, id. at 575, or a motion to dismiss under the doctrine of forum non conveniens, if the clause points to a state or foreign forum, id. at 580.

Here, Defendants ask the Court to dismiss this case for improper venue pursuant to the forum-selection clauses contained in the Loan and Guaranty Agreements. See Motion at 1.  Pursuant to the law in the Eleventh Circuit at the time Defendants filed the Motion, Defendants cite Rule 12(b)(3) as the sole mechanism for dismissal. Id. at 3 (citing Lipcon, 148 F.3d at 1290).  However, in light of the intervening Atlantic Marine ruling, Rule 12(b)(3) does not authorize the dismissal of this case unless venue in this Court is improper under 28 U.S.C. § 1391. See Atlantic Marine, 134 S. Ct. at 577.  Defendants do not make such an argument and, upon review, the Court finds that § 1391 plainly authorizes venue in the Middle District of Florida.[2]  As such, pursuant to the holding in Atlantic Marine, a request for dismissal based on Rule 12(b)(3) is due to be denied.

However,"'[t]he liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.'" O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 746 (11th Cir. 1988) (second alteration in original) (quoting Sacks v. Reynolds Sec., Inc., 593 F.2d 1234, 1239 (D.C. Cir. 1978)).  Despite their reliance on the incorrect procedural mechanism, the parties have adequately briefed the relevant issues concerning the construction of the forum-selection

---

[2] Section 1391 provides that "[a] civil action may be brought in– (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which . . . a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b)(1)-(2).  Here, Defendants are all residents of Florida and located within the Middle District of Florida. See Complaint ¶¶ 2-4.  Moreover, the Mortgaged Property is located in Duval County, Florida, which is situated in the Middle District of Florida as well. See id. ¶¶ 8, 13, Ex. B at 1; Local Rule 1.02(b)(1).

clauses and whether the Court should dismiss this action based on those clauses. Accordingly, rather than delay these proceedings further, the Court will consider whether the forum-selection clauses warrant the dismissal of this case under the forum non conveniens doctrine.

### IV.    Applicable Law

The parties' dispute as to venue for this action centers on whether the Court should interpret the forum-selection clauses as mandatory or permissive. See generally Motion at 3-4; Response at 3-4. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" See Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n. 24 (11th Cir. 1999)). While mandatory clauses use specific terms of exclusion, such as the word "shall," "permissive clauses 'contain[ ] no mandatory language to indicate that the parties meant to foreclose litigation anywhere else.'" LFR Collections LLC, 2011 WL 4736360, at *2 (alteration in original) (quoting Stateline Power Corp. v. Kremer, 148 F. App'x 770, 771 (11th Cir. 2005)). Significantly, courts have "refuse[d] to dismiss a suit or transfer an action to the stated forum when the clause is deemed permissive." Snapper, 171 F.3d at 1262 n.24; Fla. Polk Cnty. v. Prison Health Servs., 170 F.3d 1081, 1084 n.8 (11th Cir. 1999) ("[W]e have analyzed these clauses under a 'mandatory/permissive' test, enforcing only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract."). To interpret the meaning of the forum-selection clauses, the Court applies federal common law. See Cornett v. Carrithers, 465 F. App'x 841,

842 (11th Cir. 2012) ("[T]he construction of forum selection clauses by federal courts is a matter of federal common law, not state law of the state in which the federal court sits."); Emerald Grande, Inc. v. Junkin, 334 F. App'x 973, 975 (11th Cir. 2009); but see Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231 (11th Cir. 2011) (applying the Erie doctrine to determine whether federal or state law governed the enforceability of a forum-selection clause); Martinez v. Bloomberg LP, 740 F.3d 211, 220 (2d Cir. 2014) ("To ensure that the meaning given to a forum selection clause corresponds with the parties' legitimate expectations, courts must apply the law contractually chosen by the parties to interpret the clause.").[3] Federal common law, in turn, provides that "forum selection clauses are to be interpreted by reference to 'ordinary contract principles.'" Cornett, 465 F. App'x at 842.

If the forum-selection clauses are mandatory, the Court will apply the forum non conveniens doctrine to determine whether to enforce these clauses and dismiss this action.[4] See Atlantic Marine, 134 S. Ct. at 579-80. To conduct the forum non conveniens analysis in this context, the Court uses the same balancing-of-interests standard employed to resolve a motion to transfer under 28 U.S.C. § 1404(a). See id. at 580 ("[C]ourts should evaluate

---

[3] The Court notes that the Agreements contain choice of law provisions which state that the Agreements are to be governed by, and construed in accordance with, Florida law. See Loan Agreement at 9; Guaranty Agreement at 5. However, both parties briefed the construction of the forum-selection clauses applying only federal law. See Motion at 3-4; Response at 2-4. In light of the parties' apparent agreement that federal law applies, and because they do not suggest that there are any significant differences between federal and Florida law on this issue, the Court will assume that federal law applies to the interpretation of the forum-selection clause in this case. See Bailey v. ERG Enters., LP, 705 F.3d 1311, 1320 (11th Cir. 2013); see also Martinez, 740 F.3d at 223.

[4] The Bank does not argue that there was any "fraud, duress, misrepresentation, or other misconduct in connection with the agreement[s] to the forum selection clause[s]," or that the clauses were not otherwise "freely and fairly negotiated by experienced business professionals." See P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003); In re Ricoh Corp., 870 F.2d 570, 573-74 (11th Cir. 1989). Accordingly, in the absence of any argument or evidence to the contrary, the Court finds that the forum-selection clauses are valid.

a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."). However, unlike the typical § 1404(a) analysis, where a valid forum-selection clause is present, courts must not give any weight to a plaintiffs' choice of forum and should not consider arguments about the parties' private interests. Id. at 581-82. Indeed, "a district court may consider arguments about public-interest factors only," and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id. at 582; see also id. at 583 n. 8 ("[T]he same standards should apply to motions to dismiss for forum non conveniens in cases involving valid forum-selection clauses pointing to state or foreign forums."). In sum, if the Court determines that the clauses mandate a different venue, Atlantic Marine requires the dismissal of this action unless "extraordinary circumstances unrelated to the convenience of the parties" outweigh the parties' contractual choice of forum. Id. at 581-82.

**V.    Discussion**

Turning first to the Guaranty Agreement, the forum-selection clause provides that: "venue in any action arising under this Guaranty Agreement shall be in a court of competent jurisdiction in Volusia County, Florida." See Guaranty Agreement at 5. Because this clause reads that venue "shall be" in Volusia County, it is "most reasonably interpreted to mandate venue in [Volusia] County, and [Volusia] County alone." See Global Satellite Commc'n Co., 378 F.3d at 1272. The Bank argues that this provision means that venue is proper in both the state court located in Volusia County, as well as the federal district court which encompasses that County, even though no federal courthouse is actually located within

Volusia County. See Response at 3. In support, the Bank cites a number of cases from courts in the Middle District of Florida applying similar reasoning. See id. at 3 (citing Walker v. Jackson, No. 8:11-cv-1178-T-30TBM, 2011 WL 3360044, at *1 (M.D. Fla. Aug. 4, 2011); Ahern v. Fid. Nat'l Title Ins. Co., 664 F. Supp. 2d 1224, 1227 (M.D. Fla. 2009); Priority Healthcare Corp. v. Chaudhuri, M.D., P.A., No. 6:08-cv-425-Orl-KRS, 2008 WL 2477623, at *3 (M.D. Fla. June 18, 2008)); see also i9 Sports Corp. v. Cannova, No. 8:10-cv-803-T-33TGW, 2010 WL 4595666, at *4 n.3 (M.D. Fla. Nov. 3, 2010); Links Design, Inc. v. Lahr, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990). However, those decisions, while instructive, are not binding on this Court. See Cornett, 465 F. App'x at 843.

Instead, this Court is persuaded by the Eleventh Circuit's more recent decision on this same issue, albeit unpublished, in Cornett.[5] The Cornett court considered whether an agreement stating that "the venue shall be Suwannee County[,] Florida," allowed suit to proceed in the federal court which encompasses Suwannee County but is located elsewhere. See id. at 842-43. Relying on the Global Satellite decision, the Eleventh Circuit found that:

> because the only court situated in Suwannee County, Florida is the Circuit Court for the Third Judicial Circuit, the [contract's] forum selection clause did in fact designate that court as the particular forum in which the parties must bring suit. By the same token, removal of the action to the United States District Court for the Middle District of Florida, Jacksonville Division, located outside of Suwannee County, Florida, would not satisfy the venue requirement.

Id. at 843. Likewise, the forum-selection clause here mandates Volusia County as the venue for an action brought on the Guaranty Agreement. Because the Circuit Court for the Seventh

---

[5] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Judicial Circuit is the only court situated in Volusia County, the Guaranty Agreement's forum-selection clause mandates that court as the particular forum for this lawsuit. Moreover, this Court, because it is not located in Volusia County, does not satisfy the venue provision. Id.; see also Mobile Aggregates Recycling Servs., Inc. v. Collier Aggregates, LLC, No. 2:13-cv-42-FtM-29UAM, 2013 WL 2479782, at *1 (M.D. Fla. June 10, 2013); Millennium Med. Mgmt., LLC v. Li, No. 6:12-cv-663-Orl-31DAB, 2012 WL 1940112, at *2 (M.D. Fla. May 29, 2012); but see Mosaic Fertilizer, LLC v. Van Fleet Int'l Airport Dev. Grp., LLC, 486 F. App'x 869, 872 (11th Cir. 2012) (per curiam). Therefore, absent extraordinary circumstances, the Court will enforce the forum-selection clause and dismiss the Bank's cause of action arising under the Guaranty Agreement. See Atlantic Marine, 134 S. Ct. at 581-82.

As to the Loan Agreement, the forum-selection clause reads: "venue is properly laid in Duval County, Florida, and . . . the Circuit Court for Duval County, Florida shall have full jurisdiction to determine all issues arising out of or in connection with the execution and enforcement of this Agreement." See Loan Agreement at 9. Upon review, it is unclear whether this provision is intended to designate the Circuit Court of Duval County, Florida as the exclusive forum for any litigation arising out of the Loan Agreement. Although "the clause . . . uses 'shall,' which is generally mandatory, this clause need not necessarily be classified as mandatory." See Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127-28 (5th Cir. 1994). As written, the Agreement specifies that the Circuit Court for Duval County, Florida "shall have full jurisdiction," but does not necessarily indicate that this selection is to the exclusion of all other courts. See First State Bank of Nw. Ark. v. Ga. 4-S Invs. LLLP, 715 F. Supp. 2d 1301, 1304 (N.D. Ga. 2010) ("Merely affirming that certain courts have

jurisdiction does not, by itself, indicate that no other court also has jurisdiction."). Instead, the clause could be read to mandate only that the parties consent to the jurisdiction of the Circuit Court for Duval County, Florida, such that, if suit were brought there, the parties could not object. See Caldas, 17 F.3d at 128 (citing Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76-77 (9th Cir. 1987)); First State Bank of Nw. Ark., 715 F. Supp. 2d at 1304. "Beyond that, however, the language does not clearly indicate that the parties intended to declare [the Duval County Circuit Court] to be the exclusive forum for the adjudication of disputes arising out of the contract." Caldas, 17 F.3d at 128.

Nonetheless, in determining the meaning of the provision, "[i]t is a venerable principle of contract law that the provisions of a contract should be construed so as to give every provision meaning." Fla. Polk Cnty., 170 F.3d at 1084. In Florida Polk County, the Eleventh Circuit relied on this principle to interpret a forum-selection clause which "vested 'jurisdiction regarding the rights and obligations of either party under this Agreement and all litigation resulting therefrom ... in the ... [circuit court of] Polk County, Florida.'" Id. at 1083 (alterations in original). Because the Polk County circuit court already had the authority to entertain any controversy arising out of the contract in light of Florida's venue laws, the Eleventh Circuit found that "[t]o read the forum-selection clause as permissive would render it surplusage." Id. at 1084. As such, the court determined that, in order to give the provision meaning, the clause must be read as mandatory, requiring all litigation arising out of the contract to take place in the circuit court of Polk County. Id.

The Eleventh Circuit's reasoning in Florida Polk County is equally applicable here. The Loan Agreement pertains to property located in Duval County. See Loan Agreement

at 1. According to Florida's venue statute, "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." Fla. Stat. § 47.011. Thus, the signatories to the Loan Agreement, all Florida residents,[6] did not need the clause in order to file suit against each other in the Circuit Court in and for Duval County, because that is "where the property in litigation is located." See Fla. Stat. § 47.011; Fla. Polk Cnty., 170 F.3d at 1083-84. Therefore, in order to give the forum provision meaning, the Court interprets the clause to mandate the Circuit Court in Duval County as the exclusive forum for litigation arising out of the Loan Agreement. Fla. Polk Cnty., 170 F.3d at 1084; see also Comcount, Inc. v. Coconut Code, Inc., No.IP 02-0183-C-T/K, 2002 WL 1349913, at *3 (S.D. Ind. Apr. 17, 2002). As such, the Bank's causes of action arising under the Loan Agreement are also due to be dismissed unless the Court finds that this is the rare case where extraordinary circumstances dictate that the clause should not be enforced. See Atlantic Marine, 134 S. Ct. at 581-82.

Having determined that the causes of action in this lawsuit are governed by valid, mandatory, forum-selection clauses, the Court must next consider whether to enforce the clauses under the doctrine of forum non conveniens. In conducting this analysis, the Court may consider only public-interest factors. See id. at 582. In Atlantic Marine, the Supreme Court noted that these factors may include "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Id. at

---

[6] Although PNC is not a citizen of Florida, it is a successor-in-interest by merger to CypressCoquina Bank, the signatory to the Agreement. See Complaint at 1; Loan Agreement at 1. As set forth in the Agreement, CypressCoquina Bank was located in Ormond Beach, Florida. See Loan Agreement at 1.

581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).  Nonetheless, the Court cautioned that public-interest "factors will rarely defeat" a motion to enforce a valid forum-selection clause.  See id. at 582.

The Bank argues that enforcing the forum-selection clauses here will require the Bank to pursue its claims in two separate courts, amounting to a "complete disregard of judicial economy."  See Response at 3.  While the Court is certainly cognizant of the importance of conserving judicial resources, the Bank has not demonstrated that the burden on the court system in dividing this particular lawsuit would be so great as to constitute the type of "unusual" or "extraordinary" circumstances referenced in Atlantic Marine.  See Atlantic Marine, 134 S. Ct. at 581-82; see also Slater, 634 F.3d at 1331-32 (enforcing forum-selection clause despite plaintiff's argument that it will be forced to maintain two proceedings, one in Virginia and one in Florida); Bovie Med. Corp. v. Livneh, No. 8:10-cv-1527-T-24EAJ, 2010 WL 5297172, at *3 (M.D. Fla. Dec. 20, 2010) (dismissing for improper venue certain counts based on an agreement with a New York forum-selection clause, and retaining other counts premised on an agreement with a Florida forum-selection clause).  Moreover, the Court has carefully considered the other factors identified by the Supreme Court and finds that those factors do not weigh against enforcing the forum-selection clauses here.  Indeed, the Court cannot discern any reason why the public interest would weigh against Florida state courts resolving Florida state law claims in the county where the guarantors as to the claim on the Guaranty Agreement reside, and the county where the property is located, as to the causes of action arising under the Loan Agreement.  In light of the foregoing, the Court determines

that the Motion, construed as a Motion to Dismiss for <u>forum non conveniens</u>, is due to be granted.[7]  Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue (Doc. 8), construed as a Motion to Dismiss for <u>forum non conveniens</u>, is **GRANTED, in part, and DENIED without prejudice, in part**.

    A. Defendants' Motion is **GRANTED** to the extent that the Complaint is **DISMISSED without prejudice** to refiling in the appropriate fora.

    B. Defendants' Motion is **DENIED without prejudice** to the extent Defendants request an award of reasonable attorney's fees and costs.

---

[7] The Court notes that Defendants include in the Motion a request for "the award of reasonable attorney fees and costs pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and [section 57.105(7) of the Florida Statutes]." <u>See</u> Motion at 5.  Aside from this one sentence, Defendants provide the Court with no legal authority or argument in support of their request. <u>Id.</u>  Pursuant to the Local Rules of this Court, all claims for costs or attorney's fees must be raised in a <u>separate</u> motion or petition. <u>See</u> Local Rule 4.18(a).  Accordingly, the Court will deny Defendants' perfunctory request for fees and costs at this time.  Defendants may re-file an appropriate request for costs in accordance with Rule 54(d).  In addition, if Defendants intend to seek attorney's fees, Defendants must file a separate motion within fourteen days of the date of this Order containing citations to legal authority demonstrating their entitlement to fees, as well as appropriate documentation in support of the amount requested.

2. The Clerk of the Court is directed to terminate any pending motions and deadlines and to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 25, 2014.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties